UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 3:06CR268 (JBA) |
| v. | |
| RICHARD ORTIZ | May 16, 2019 |

**RULING ON FIRST STEP ACT MOTION**

Richard Ortiz moves for immediate release or resentencing under the First Step Act of 2018, seeking a sentence of time served and a reduced supervised release term of 3 years. ([Doc. ## 1770, 1774].) The Government opposes that Motion, conceding that Mr. Ortiz is eligible for a sentence reduction but contending that Mr. Ortiz is not entitled to a plenary resentencing hearing in which he would "relitigate other statutory issues unaffected by Section 404, such as his being subject to a recidivism enhancement pursuant to 21 U.S.C. §§ 841 and 851." ([Doc. # 1775].) While the Government voices no specific opposition to a sentence of time served, it requests that the Court not exercise its discretion to reduce his sentence of incarceration at all.[1]

Mr. Ortiz was convicted of one count of possession with intent to distribute, and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), subject to a recidivism enhancement triggered by a second-offender notice under 21 U.S.C. § 851. At the time of sentencing, Mr. Ortiz faced a statutory sentencing range of 10 years to

---

[1] The Government agrees that Mr. Ortiz's supervised release term should be reduced from 8 years, but contends that 6 years is the appropriate supervised release term. Given the time-sensitivity of Mr. Ortiz's motion for immediate release, the Court will reserve judgment on the question of Mr. Ortiz's term of supervised release.

1

life, and was sentenced to 180 months. Mr. Ortiz has a scheduled release date from the Bureau of Prisons of June 1, 2019.

At issue in Defendant's motion is Section 404 of the First Step Act, which provides:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194.

Mr. Ortiz's crime of conviction, Possession with Intent to Distribute and Distribution of Five Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) is a covered offense under the First Step Act of 2018.

The parties dispute whether Mr. Ortiz is entitled to "plenary" resentencing, i.e. a new sentencing at which the Court applies federal law generally as it exists today. However, in order to determine whether Mr. Ortiz should be resentenced to a term of time served, the Court need not reach this issue in this case, because the time he has served already exceeds the applicable

mandatory minimum with the § 851 enhancement. Given the minimal remaining sentence, the Court concludes that no hearing, plenary or otherwise, is necessary to resentence. The Court will separately address the question of Mr. Ortiz's claimed entitlement to plenary resentencing for his term of supervised release.

Mr. Ortiz has been incarcerated for approximately 154 months, with two and a half months in a half-way house, and he is currently on home confinement in his aunt's house while he works two jobs and seeks a commercial driver's license. At the time of his sentencing, Mr. Ortiz faced a mandatory minimum term that is no longer applicable and which he has already exceeded. Mr. Ortiz's post-incarceration achievements are a better indicator of his diminished likelihood of reoffending and resulting reduced risk to public safety than his disciplinary history during his 12.8 years of incarceration. Accordingly, the Court resentences Defendant to a term of time served, with the term of supervised release to be decided.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of May 2019.