UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>RICHARD ORTIZ | Criminal No. 3:06CR268 (JBA)<br><br>March 31, 2020 |

**SUPPLEMENTARY RULING ON FIRST STEP ACT MOTION**

This ruling addresses an unresolved aspect of Defendant Richard Ortiz's Motion for Resentencing [Doc. # 1770], submitted pursuant to Section 404 of the First Step Act, PL 115-391, December 21, 2018, 132 Stat 5194. On May 16, 2019, the Court granted Defendant's motion in part and ordered his immediate release from incarceration. (May 16, 2019 Ruling [Doc. # 1784].) However, the Court reserved judgment on Defendant's request to reduce his supervised release term from eight years to three years, stating that it would "separately address the question of Mr. Ortiz's claimed entitlement to plenary resentencing" where he could collaterally attack the validity of his previously imposed 21 U.S.C. § 851 enhancement. (*Id.* at 3.).[1] The Court now grants Defendant's resentencing motion with modification. The Court concludes that the First Step Act does not authorize a plenary resentencing hearing, but the Court will utilize its available discretion to reduce Defendant's supervised release term from eight years to the statutory mandatory minimum of six years.

Defendant takes the position that the "[First Step] Act authorizes a plenary resentencing, at which the Court must apply current law and consider all relevant factors, including § 3553(a)

---

[1] The Court otherwise assumes the Parties' familiarity with the background of this case.

factors." (Def.'s First Step Act Mem. [Doc. # 1774] at 8.) Defendant contends that plenary resentencing—that is, a "full resentencing hearing"—would allow the Court to consider the "applicability of the § 851 enhancement" that Defendant received when he was originally sentenced. (*Id.* at 15).² Defendant acknowledges that a First Step Act motion is brought pursuant to 18 U.S.C. § 3582(c)(1)(B),³ but he contends that § 3582(c)(1)(B) does not restrict the First Step Act's scope. (*See id.* at 9 ("Section 3582(c)(1)(B) does not itself authorize modification of a sentence or impose any independent requirements; it does not authorize or restrict anything.").) Thus, Defendant asserts, the Court need only consider the text of the First Step Act itself, which, in his view, "authorizes a plenary resentencing, by its plain language and under applicable principles of statutory construction." (*Id.* at 10.) Defendant finds it particularly significant that the First Step

---

² Courts have used the term "plenary resentencing" to describe a resentencing proceeding governed by Federal Rule of Criminal Procedure 43(a)(3), which "requires that a defendant be present at 'sentencing.'" *Dillon v. United States*, 560 U.S. 817, 828 (2010). As one court in the Eastern District of New York has explained:

> If relief under the [First Step Act] came in the form of a plenary resentencing, . . . [a] defendant would have the right to be present at his resentencing, *see* Fed. R. Crim. P. 43(a)(3), whereas a criminal defendant need not be present for a proceeding that reduces his sentence under § 3582(c), *see* Fed. R. Crim. P. 43(b)(4). In addition, at a plenary resentencing, [a court] could consider all subsequent changes in the law since the time the defendant was sentenced, rather than simply "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391 § 404(b), 132 Stat 5194, 5222 (2018) (internal citations omitted).

*United States v. Martin*, 2019 WL 2289850, at *3 (E.D.N.Y. May 29, 2019).

³ Section 3582(c)(1)(B) is one of the exceptions to the statutory requirement that a court "may not modify a term of imprisonment once it has been imposed," and provides that a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute 18 U.S.C. § 3582."

2

Act requires a court to "impose" a reduced sentence, rather than to "'reduce' or 'modify'" a previously imposed sentence. (*Id.*)

In opposition, the Government responds that the First Step Act "does not provide the Court with such expansive authority to effectively engage in collateral review of the defendant's status as a statutory recidivist," but rather that Act "authorizes a Court only to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 had been in force at the time of the defendant's original offense." (Gov't Supplemental Resp. [Doc. # 1798] at 3.) The Government contends that neither section 2 nor 3 of the Fair Sentencing Act of 2010 "altered the recidivism provisions of § 841," and so the First Step Act "does not authorize the Court to revisit the validity of the defendant's second-offender status." (*Id.*) Additionally, the Government notes a First Step motion "falls under 18 U.S.C. § 3582(c)(1)(B)", which "allows courts to modify a defendant's sentence . . . 'to the extent otherwise *expressly permitted* by statute,'" and that the First Step Act lacks express permission for a plenary resentencing hearing. (Gov't Opp. [Doc. # 1775] at 6 (quoting 18 U.S.C. § 3582(c)(1)(B) (emphasis added by Government).) Finally, the Government argues that an expansive reading of the First Step Act would create a situation where crack cocaine offenders originally sentenced before the Fair Sentencing Act would "be treated differently (and more favorably)" than crack cocaine offenders sentenced thereafter. (Gov't Opp. [Doc. # 1775] at 10.)

Section 404(b) of the First Step Act gives a "court that imposed a sentence for a covered offense" discretionary authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194, § 404(b). Section 404(b) is silent as to what procedures a court must follow when resentencing an eligible defendant: It does not

3

"expressly permit a full or plenary resentencing carrying with it all of the procedural trappings and collateral effects of the original sentencing," *United States v. Williams*, 2019 WL 5791747, at *5 (S.D.N.Y. Oct. 17, 2019), but nor does it "impose any artificial or guideline limits on a reviewing court," *United States v. Boulding*, 379 F. Supp. 3d 646, 653 (W.D. Mich. 2019). This vagueness has left district courts "divided as to defendants' eligibility for relief and the exact nature of the proceedings that sentencing judges should be conducting pursuant to the now-retroactive Fair Sentencing Act, including whether district courts may consider facts that have occurred post-sentencing." *United States v. Rose*, 379 F. Supp. 3d 223, 227 (S.D.N.Y. 2019).

But while disagreement exists as to Section 404(b)'s scope, "[i]t appears that the majority of courts have declined to conduct plenary resentencing proceedings, electing instead merely to recalculate the Guidelines." *Brown v. United States*, 2020 WL 1248950, at *6 (D. Md. Mar. 16, 2020) (collecting cases); *see, e.g., United States v. Hegwood*, 934 F.3d 414 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 285 (2019) (rejecting argument that eligibility for resentencing for crack cocaine offenses under First Step Act entitled appellant to plenary resentencing on career offender status, and holding that the district court did not err in continuing to apply the career-offender enhancement); *United States v. Alexander*, --- F.3d ----, 2019 WL 8135307, at *2 (6th Cir. Oct. 18, 2019) ("The First Step Act's limited, discretionary authorization to impose a reduced sentence is inconsistent with a plenary resentencing."); *United States v. Cruz*, 2019 WL 3070562, at *4-5 (M.D. Pa. July 12, 2019) (collecting cases and concluding that "[t]his court concurs with the government and the numerous other courts . . . which have held that no plenary resentencing is required regarding a motion for reduction of sentence under § 404(b)"); *but see United States v. Medina*, No. 3:05-CR-58 (SRU), 2019 WL 3769598, at *5 (D. Conn. July 17, 2019) (acknowledging that an "overwhelming majority of courts, including within this circuit," have held that the First Step Act does not

4

authorize a plenary resentencing but "respectfully declin[ing] to follow that reasoning, because I do not believe the First Step Act should be read so narrowly").

These courts have rejected arguments similar to the ones that Defendant presents here. For example, in *Hegwood*, the Fifth Circuit addressed Defendant's argument that "because Congress used the word 'impose,' the district court is required to calculate his Guidelines offense level anew, which would include recalculating his career-offender enhancement," as "[t]he word 'impose' is used elsewhere to describe the original sentencing of a defendant." 934 F.3d at 417. The Fifth Circuit concluded the Defendant's reading placed too much weigh on Congress' use of this word while ignoring the rest of Section 404(b). *Hegwood* noted that Section 404(b) instructs that:

> [t]he calculations that had earlier been made under the Sentencing Guidelines are adjusted "as if" the lower drug offense sentences were in effect at the time of the commission of the offense" and that this is "the only explicit basis stated for a change in the sentencing." In statutory construction, the expression of one thing generally excludes another. . . . The express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010 — saying the new sentencing will be conducted "as if" those two sections were in effect "at the time the covered offense was committed" — supports that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense.

*Id.* at 418 (citation omitted); *see also United States v. McKinney*, 382 F. Supp. 3d 1163, 1168 (D. Kan. 2019) ("The Act's use of the word 'impose' must be read in context: The First Step Act authorizes a court to 'impose a reduced sentence,' and otherwise refers to a proceeding to 'reduce' a sentence." (cleaned up)). As to the significance of the term "imposed," *Hegwood* reasoned that the "district court's action is better understood as imposing, not modifying, a sentence, because the sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception," and that the "new sentence conceptually substitutes for the original sentence, as opposed to modifying that sentence." *Id.* at 418–19.

Additionally, other courts have noted that if the First Step Act permitted a plenary resentencing, "it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010." *United States v. Russo*, 2019 WL 1277507, at *1 (D. Neb. Mar. 20, 2019); *accord McKinney*, 382 F. Supp. 3d at 1168; *United States v. Coleman*, 382 F. Supp. 3d 851, 859 (E.D. Wis. 2019). That is because such an authorization would, as the Government notes, "undermine the sentencing goals of uniformity and proportionality, leading to divergent and unjustifiable sentencing outcomes for similarly situated drug offenders" by creating a situation where drug offenders "sentenced prior to August 3, 2010 would be entitled to a review of all aspects of their sentences under current law" but drug offenders sentenced under the same statutes "in the approximately eight years between the enactment of the [Fair Sentencing Act] and the [First Step Act] would not be so fortunate." (Gov't Supplemental Resp. at 7.)

The Court finds these arguments persuasive and so concludes that the First Step Act cannot be read so broadly as to allow a plenary resentencing hearing. The Court will thus decide Defendant's "new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Hegwood*, 934 F.3d at 417. Under this limited resentencing, the Court lacks the authority to revisit and disturb previously imposed statutory enhancements. *See United States v. Randall*, 2019 WL 6873809, at *2 (D.S.C. Dec. 17, 2019) (concluding that defendant was not entitled to "challenge the continued validity of the § 851 enhancement" under the First Step Act).[4] Thus, Defendant's § 851 enhancement necessarily remains in effect.

---

[4] In a supplemental memorandum, Defendant contends that the Court may void his statutory 21 U.S.C. § 851 enhancement even without a plenary resentencing hearing, which would

As Defendant's sentence is—as the Court has previously determined—now governed by 21 U.S.C. § 841(b)(1)(C), the Court is required to "impose a term of supervised release of at least 6 years" due to the § 851 notice based on his prior conviction. For the reasons stated in its May 16, 2019 ruling, the Court believes that Defendant's current supervised release term of eight years is in excess of the time necessary to accomplish the rehabilitative goals of supervised release, as he has already made progress in obtaining employment and reintegrating into his community. *See* S. Rep. No. 98–225, 124 (1983) (declaring in relevant part that "the primary goal [of supervised

---

allow the Court to reduce his supervised release term from eight years to three years. Defendant argues that "the Guidelines 'sentencing framework applies both at a defendant's initial sentencing and at any subsequent resentencing after a sentence has been set aside on appeal'" and that "general rule [is] that a defendant should be sentenced under the law in effect at the time of sentencing," (Def.'s Supplemental Mem. [Doc. # 1790] at 3 (quoting *Pepper v. United States*, 562 U.S. 476 (2011))).

The Court does not disagree with these basic propositions. Indeed, the outcome here would be different if Defendant were subject to a *Guidelines* career offender enhancement as opposed to a *statutory* § 851 enhancement. As this Court has previously explained, "even in a limited resentencing, [a] [c]ourt must calculate the guidelines range applicable to [a defendant] in order to exercise discretion in determining what reduction in sentence, if any, . . . should be granted" under the First Step Act, as "under the Second Circuit's 'one book rule,' 'a sentencing court has no authority to pick and choose, taking one provision from an earlier version of the guidelines and another from a later version.'" *United States v. Benjamin*, No. 3:09CR265 (JBA), 2019 WL 5092246, at *4 (D. Conn. Oct. 11, 2019).

However, Defendant asks the Court to do more than recalculate his Guidelines range, and "[n]othing in the First Step Act anticipates . . . [the] application of laws that have changed since a defendant's original sentencing, other than the retroactive application of the Fair Sentencing Act." *United States v. Lewis*, No. CR 08-0057 JB, 2020 WL 128580, at *27 (D.N.M. Jan. 10, 2020) (quoting *United States v. Lawson*, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019) (alterations omitted)). As the Court has explained, the language of the First Step Act authorizes only a limited resentencing and does not vest a court with the authority to upset a § 851 enhancement that has previously been deemed valid.

7

release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense").[5]

Accordingly, the Court GRANTS Defendant's Motion under § 404(b) of the First Step Act of 2018 [Docs. ## 1770, 1790] with modification. The Court orders that Defendant's previously imposed sentence of supervised release is reduced from eight years to six years. Except as otherwise provided in this ruling and in the May 16, 2019 ruling, all provisions of the judgment issued March 5, 2008 and amended March 6, 2008 shall remain in effect.

IT IS SO ORDERED.

_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 31st day of March 2020.

---

[5] The Court notes that if Defendant continues his progress, he may be eligible for early termination of his supervised release under 18 U.S.C. § 3583(e). *See United States v. Trotter*, 321 F. Supp. 3d 337, 360 (E.D.N.Y. 2018) ("All courts, as far as this court is aware, agree with th[e] position that early termination power exists even when a mandatory minimum was required." (collecting cases)); *see also United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994) ("[W]e hold that a district court has discretionary authority to terminate a term of supervised release after the completion of one year, pursuant to 18 U.S.C. § 3583(e)(1), even if the defendant was sentenced to a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a)."); *United States v. Harris*, 258 F. Supp. 3d 137, 143 (D.D.C. 2017) ("The weight of authority confirms that § 3583(e)(1) authorizes termination of statutorily mandated term of supervised release."); U.S. SENTENCING COMMISSION, FEDERAL OFFENDERS SENTENCED TO SUPERVISED RELEASE 35 (July 2010) (stating early terminations under 18 U.S.C. § 3583(e)(1) "may occur even in cases where a statute originally required the sentencing court to impose a term of supervised release in excess of one year").